[No. 85608-7.   En Banc.]
Considered October 23, 2012.     Decided October 25, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. DARRIN L. LOUTHAN, *Petitioner*.

752

*Susan F. Wilk* and *Gregory C. Link* (of *Washington Appellate Project*), for petitioner.

*H. Steward Menefee, Prosecuting Attorney*, and *Gerald R. Fuller, Deputy*, for respondent.

¶1 PER CURIAM — Darrin L. Louthan was arrested in December 2007. After securing him in a police vehicle, the arresting officers searched Louthan's car incident to arrest. This search disclosed controlled substances and drug paraphernalia. On stipulated facts, Louthan was convicted of possession of methamphetamine under the Uniform Controlled Substances Act, chapter 69.50 RCW.

¶2 Louthan appealed his conviction. While his appeal was pending at Division Two of the Court of Appeals, the United States Supreme Court decided *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), and this court decided *State v. Afana*, 169 Wn.2d 169, 233 P.3d 879 (2010); *State v. Valdez*, 167 Wn.2d 761, 224 P.3d 751 (2009);

*State v. Winterstein*, 167 Wn.2d 620, 220 P.3d 1226 (2009); and *State v. Patton*, 167 Wn.2d 379, 219 P.3d 651 (2009). The Court of Appeals called for additional briefing on the applicability of *Gant*, *Patton*, and *Winterstein* to the search of Louthan's vehicle incident to arrest, *State v. Louthan*, 158 Wn. App. 732, 740, 242 P.3d 954 (2010), but ultimately affirmed Louthan's conviction, *id.* at 753. Louthan petitioned for review. We deferred consideration of Louthan's petition for review pending a final decision in *State v. Snapp*, 174 Wn.2d 177, 275 P.3d 289 (2012). After we issued our decision in *Snapp*, we granted Louthan's petition for review. *State v. Louthan*, 174 Wn.2d 1009, 281 P.3d 686 (2012). After we granted review, the State filed a motion requesting that we remand Louthan's case to superior court for dismissal.[1]

¶3 When Louthan was arrested in 2007, Washington law permitted officers to search the passenger compartment of an arrestee's vehicle without a warrant for weapons and destructible evidence immediately following arrest. *See, e.g., State v. Stroud*, 106 Wn.2d 144, 152, 720 P.2d 436 (1986), *overruled in part by Valdez*, 167 Wn.2d at 777. However, when the United States Supreme Court decided *Gant* in 2009, this expansive application of the vehicle-search-incident-to-arrest exception to the warrant requirement came to an end. *See Gant*, 556 U.S. at 351. Following *Gant*, officers may search a vehicle incident to arrest "only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.*

¶4 This court has decided several cases since *Gant*, culminating most recently in *Snapp*, in which we recognized protections under article I, section 7 of the Washington Constitution that go beyond the *Gant* rule. *Gant* allowed officers to search a vehicle incident to arrest for

---

[1] This opinion resolves the State's motion for remand.

evidence of the crime of arrest. *Gant*, 556 U.S. at 351. In *Snapp*, we rejected such a broad rule under our state constitution, noting that "[c]ontrary to the urgency attending the search incident to arrest to preserve officer safety and prevent destruction or concealment of evidence, there is no similar necessity associated with a warrantless search based upon either a reasonable belief or probable cause to believe that evidence of the crime of arrest is in the vehicle." *Snapp*, 174 Wn.2d at 195-96. Thus, under article I, section 7, officers have no authority of law to search a vehicle incident to arrest even if they reasonably believe or can articulate probable cause that the vehicle contains evidence of the crime of arrest. They must obtain a warrant.

■■ ¶5 Although *Snapp* had not been decided when the Court of Appeals considered Louthan's case, Louthan may receive its benefit. A " 'new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final.' " *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 326, 823 P.2d 492 (1992) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)). As noted, we deferred Louthan's petition for review pending the outcome of *Snapp*. Louthan's case was thus pending on direct review when *Snapp* was decided, and *Snapp* therefore applies retroactively. Louthan was secured in the back of a police vehicle when officers searched his vehicle. It was impossible for Louthan to destroy or conceal evidence. He posed no safety risk to the arresting officers. Consequently, *Snapp* forecloses a warrantless search of Louthan's vehicle for evidence of the crime of arrest.

¶6 The State has now appropriately and professionally conceded that the application of *Snapp* renders unconstitutional the search of Louthan's vehicle incident to arrest, requiring dismissal of this prosecution. Accordingly, we

reverse the Court of Appeals, vacate Louthan's conviction, and remand for dismissal with prejudice of the charges against Louthan.[2]

---

[2] Our decision to reverse on the narrow basis of *Snapp* should not be read as approving any other part of the Court of Appeals opinion in this case.